**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Allen Kachina,<br><br>        Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>        Respondent. | No. CV-22-00528-TUC-RM<br><br>**ORDER** |

On August 23, 2023, Magistrate Judge Bruce G. Macdonald issued two Reports and Recommendation ("R&R") (Docs. 27, 28), recommending that this Court dismiss with prejudice Petitioner Gary Allen Kachina's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) and deny Petitioner's Motion for Spoliation Sanctions (Doc. 18). Petitioner filed Objections to each R&R (Docs. 29, 30), Respondent M. Gutierrez filed a Response (Doc. 33), and Petitioner filed a Reply (Doc. 38).

**I.    Standard of Review**

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170

F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II.     Background

On June 2, 2021, when Petitioner was housed in the United States Penitentiary-Tucson ("USP-Tucson"), Correctional Officer ("CO") A. Hernandez allegedly observed Petitioner and another inmate fighting. (Doc. 12-1 at 17, 32.)[1] On the same date, CO Hernandez wrote incident report 3510327, charging Petitioner with fighting and stating that the other inmate was observed striking Petitioner. (*Id.* at 17.) On June 3, 2021, CO Hernandez rewrote the incident report to specify that Petitioner pushed the other inmate and then both inmates began fighting. (*Id.* at 32.) Petitioner received a copy of the incident report on June 4, 2021. (*Id.* at 34.) Disciplinary Hearing Officer ("DHO") Antonietta Estrada—who was not a victim, witness, or investigator, and was not otherwise involved in the incident—conducted a disciplinary hearing, at which Petitioner waived his right to a staff representative and elected not to call any witnesses or submit documentary evidence. (*Id.* at 5-6, 29.) DHO Estrada concluded, based on the information in the incident report, closed-circuit television footage of the incident, and the medical assessments of both inmates, that Petitioner had committed the prohibited act of fighting. (*Id.* at 6, 30.) DHO Estrada noted that she "found no reason to question" the eyewitness account of CO Hernandez, as "his observations were made strictly in the performance of his duties, without any reason to submit a false report." (*Id.* at 30.) DHO Estrada imposed sanctions, including the loss of 27 days of good conduct time. (*Id.* 6, 30.)

In his § 2241 Petition, Petitioner seeks restoration of his good-conduct time and raises four grounds for relief related to his disciplinary proceedings: (1) DHO Estrada was biased against him; (2) Petitioner was unable to present documentary evidence at his

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

- 2 -

disciplinary hearing; (3) Petitioner was unable to present witness testimony at his disciplinary hearing; and (4) prison staff denied Petitioner notice of the charge within 24 hours of the hearing date and withheld the original incident report from him. (Doc. 1.) Petitioner also filed a motion for spoliation sanctions based on Respondent's failure to preserve video footage of the incident at issue. (Doc. 18.)

The R&R finds that Petitioner was afforded the procedural protections required by due process and recommends dismissing the § 2241 Petition. (Doc. 27.)  First, the R&R finds that Petitioner received a copy of the incident report more than 24 hours in advance of his disciplinary hearing, and that due process did not require that he receive a copy within 24 hours after the incident or that he receive a copy of the original rather than rewritten report. (*Id.* at 18-19.)  Second, the R&R finds that Petitioner was provided an opportunity to present documentary evidence and call witnesses at his disciplinary hearing but declined to do so, and that due process did not mandate disclosure of video footage of the incident. (*Id.* at 19-21.)  Third, the R&R finds that DHO Estrada was an impartial factfinder, as she was not a victim, witness, investigator, or otherwise involved in the incident. (*Id.* at 21-23.)  Fourth, the R&R finds that the disciplinary finding is supported by some evidence in the record. (*Id.* at 24-25.)  The R&R recommends denying Petitioner's request to add an additional ground to his Petition related to preservation of video footage of the incident, finding that Petitioner waived the issue by raising it for the first time in his Reply, that he failed to administratively exhaust the issue, and that pursuing administrative remedies would be futile because some evidence supports the disciplinary finding even without the video footage. (*Id.* at 23-24.)

Petitioner objects to the R&R's finding that he received a copy of the rewritten incident report, arguing that no evidence establishes he received a copy of the rewritten report as opposed to the original report, and the original report did not indicate he had engaged in a fight. (Doc. 29 at 1-5.)  Petitioner avers that, when he waived his right to present documentary evidence or call witnesses, he did so based on the allegations of the original incident report, which indicated only that he had been assaulted. (*Id.* at 4.)  He

1  further avers that his waiver was influenced by prison staff's failure to disclose video
2  footage of the June 2, 2021 incident. (*Id.* at 5-6.) Petitioner argues that the R&R fails to
3  address his allegations that DHO Estrada displayed bias by suppressing and failing to
4  preserve video footage of the incident. (*Id.* at 6-8.) Petitioner further argues that prison
5  staff had a duty to disclose the video footage, and he argues that he could not have raised
6  this issue earlier or administratively exhausted it. (*Id.* at 9-11.) Petitioner also raises a
7  conclusory objection to the Magistrate Judge's finding that the "some evidence" standard
8  is met. (*Id.* at 11.)

9  With respect to Petitioner's Motion for Spoliation Sanctions, the R&R notes that
10 Petitioner did not move for discovery in this habeas action and that a habeas petitioner is
11 not entitled to discovery as a matter of course. (Doc. 28 at 9.) The R&R further finds
12 that Petitioner fails to establish all prerequisites under Federal Rule of Civil Procedure
13 37(e); that he was not prejudiced by Respondent's failure to preserve the video footage
14 because some evidence supports the disciplinary finding even in the absence of the
15 footage; and that there is no evidence the video footage was destroyed with the intent to
16 deprive Petitioner of its use in litigation. (*Id.* at 11-23.) In his Objection, Petitioner
17 argues that his right to present evidence in his defense at a disciplinary hearing
18 necessarily includes a right to prepare that presentation, and prison staff's failure to
19 disclose video footage of the incident precluded him from preparing a defense. (Doc. 30
20 at 1-5.) Petitioner further argues that he has met the requirements under Rule 37(e) for
21 spoliation sanctions. (*Id.* at 6-11.)

22 **III.  Discussion**

23 At the time he filed his Petition, Petitioner was housed in USP-Tucson, and he
24 appropriately named as Respondent the Warden of USP-Tucson. (Doc. 1 at 1.) On
25 December 8, 2023, Petitioner filed a Notice of Change of Address indicating he had been
26 moved to the Volunteers of America Residential Reentry Centers in Roseville,
27 Minnesota. (Doc. 39.) A district court's jurisdiction over a § 2241 petition "attaches on
28 the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the

petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). Accordingly, Petitioner's transfer did not divest this Court of habeas jurisdiction. The Court notes that Petitioner's projected release date was February 26, 2024 (Doc. 12-1 at 10), and the Bureau of Prisons' inmate locator indicates Petitioner was released on that date. Petitioner is now on supervised release. *See United States v. Kachina*, CR-15-00068-ADM-FLN (D. Minn.), Doc. 186. Because Petitioner is on supervised release, he remains in custody for habeas purposes; furthermore, given the possibility that he could receive a reduction in his term of supervised release under 18 U.S.C. § 3583(e)(2), it appears that his Petition is not moot. *See Mujahid v. Daniels*, 413 F.3d 991, 994-95 (9th Cir. 2005).

Even if not moot, the § 2241 Petition fails on the merits. Due process in a prison disciplinary hearing requires that an inmate receive: (1) written notice of the charges no less than 24 hours in advance of the disciplinary hearing, (2) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and (3) the ability to call witnesses and present documentary evidence when doing so would not unduly threaten institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Inherent in an inmate's right to present evidence in his defense is a right to access the evidence that will be presented against him, although the right to access evidence may be limited by prison officials for legitimate penological reasons. *Melnik v. Dzurenda*, 14 F.4th 981, 985-87 (9th Cir. 2021). When disciplinary findings result in the revocation of good time credits, due process requires that some evidence in the record support the findings. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Petitioner's argument that there is no evidence he received a copy of the rewritten incident report as opposed to the original incident report (Doc. 29 at 1-5) conflicts with his § 2241 Petition, in which Petitioner alleges he was never served the original incident report but "received a re-written report" (Doc. 1 at 4-7). Furthermore, the record reflects that Petitioner was provided with a copy of the incident report more than 24 hours prior

to his disciplinary hearing (*see* Doc. 12-1 at 34), and both the original and rewritten incident reports provide notice that Petitioner was charged with fighting (*id.* at 17, 32).

The record also reflects that DHO Estrada was an impartial decision maker "who was not a victim, witness, investigator, or otherwise significantly involved" in the June 2, 2021 incident. 28 C.F.R. § 541.8(b). (Doc. 12-1 at 5-6.) Petitioner's arguments that DHO Estrada failed to disclose and preserve video footage of the incident do not show that DHO Estrada was biased within the meaning of due process.

The record indicates that Petitioner was provided an opportunity to present documentary evidence and call witnesses at his disciplinary hearing but that he declined to do so. (Doc. 12-1 at 29.) Petitioner argues that prison staff manipulated him into waiving his right to call witnesses and present documentary evidence by failing to disclose to him the original incident report and video footage of the June 2, 2021 incident. (Doc. 1 at 5-6; Doc. 29 at 5-6.) The Ninth Circuit's decision in *Melnik* supports Petitioner's position that his due process right to present evidence in his defense encompassed a right to access the evidence against him. *See* 14 F.4th at 985-87. However, even assuming that due process required prison staff to disclose the original incident report and video footage of the June 2, 2021 incident, Petitioner cannot show prejudice resulting from the non-disclosure because some evidence—including the eyewitness account of CO Hernandez—supports DHO Estrada's disciplinary finding, even in the absence of the video footage, and notwithstanding any discrepancies between the original and rewritten disciplinary reports. *See Tien v. Sisto*, No. 2:07-cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D. Cal. 2010) ("a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding").

Because Petitioner cannot show prejudice from prison staff's failure to disclose video footage of the June 2, 2021 incident, allowing him to amend his Petition to assert a claim for relief related to the non-disclosure would be futile. For the same reason, Petitioner cannot show that spoliation sanctions under Federal Rule of Civil Procedure

37(e) are appropriate. *See* Fed. R. Civ. P. 37(e) (if electronically stored information that should have been preserved is lost and cannot be restored or replaced, the court, "upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice").[2]

Accordingly,

**IT IS ORDERED** that the Reports and Recommendation (Docs. 27, 28) are **accepted and adopted**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Sanctions (Doc. 18) is **denied**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 27th day of February, 2024.

_____
Honorable Rosemary Márquez
United States District Judge

---

[2] Rule 37(e) also allows for specified sanctions upon a finding that a party "acted with the intent to deprive another party" of electronically stored information's use in litigation. Fed. R. Civ. P. 37(e)(2). However, Petitioner has not shown the requisite intent to obtain sanctions under this provision.